IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PISCES G. MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25CV938 |
| | ) | |
| BRIAN ROLAND, JOSH ROBERTS, | ) | |
| YVIRA BAEZ, ERIC GANN, TIM | ) | |
| KNIGHT, and CITY OF EDEN, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER, MEMORANDUM OPINION, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Pisces G. Madden's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

I. DISCUSSION

Madden sues the defendants pursuant to 42 U.S.C. §§ 1983 and 1988 and alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights. Compl. § II.A., Docket Entry 2. The action apparently arose from an April 24, 2024 traffic stop in Eden, North Carolina. *See id.* § III.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684

F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in his favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015).

As Madden alleges, Officer Joshua Roberts of the City of Eden Police Department initiated a traffic stop on April 24, 2024. Compl. § III.2. He "partook in the prohibited techniques and he used unnecessary destruction" in violation of the Fourth and Fourteenth Amendments. *Id.* Former Officer Brian Roland arrived at the scene after the traffic stop and "used excessive force and partook in prohibited techniques" in violation of the Fourth and Fourteenth Amendments. *Id.* § III.1. Roland also violated § 14-225 of the North Carolina General Statutes "by falsely reporting [that Madden] kicked him in his groins." *Id.* Officer Yvira Baez and her K9 also arrived at the scene after the traffic stop. *Id.* § III.3. She "partook in prohibited techniques" and violated the Fourth and Fourteenth Amendments. *Id.* Officer Tim Knight arrived at the scene after the traffic stop and "used unnecessary destruction and failed to take reasonable steps to end the unlawful conduct alleged in [the] complaint." *Id.* § III.5.

After the stop, Madden requested that Supervisor Eric Gann be called. *Id.* § III.4. But "Gann failed to take reasonable steps to end the unlawful conduct alleged in [the] complaint" and "partook in the prohibited techniques" in violation of the Fourth and Fourteenth Amendments. *Id.* "Gann also attempted to get [Madden] to sign a waiver regarding excessive force . . . ." *Id.* Madden alleges the City of Eden (sometimes referred to as "the City") employs the defendants and "is responsible for [their] conduct[,]" as well as Magistrate "J.L. Carter [who] was influenced by Roberts resulting in Carter setting an excessive bond on the cases . . . which were dismissed[.]" *Id.* § III.6. Madden has sued the individual defendants in their official and individual capacities. *See generally* § III.

A person may sue state actors, pursuant to 42 U.S.C. § 1983, "who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Loftus v. Bobzien*, 848 F.3d 278, 284 (4th Cir. 2017) (quoting *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015)). "To state a claim under § 1983 a plaintiff 'must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by

2

a person acting under color of state law.'" *Id.* at 284-85 (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). A municipality is a "person" for purposes of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

As for the individual capacity claims against Roland, Roberts, Baez, Gann, and Knight, Madden has not alleged facts to support his conclusory allegations that Roland "used excessive force"; Roland, Roberts, Baez, and Gann "partook in prohibited techniques;" Roberts and Knight used "unnecessary destruction"; Roberts influenced the Magistrate to enforce an "excessive bond"; Gann and Knight "failed to take reasonable steps to end the unlawful conduct"; and Gann attempted to have Madden sign a waiver of "excessive force." These are legal conclusions without any factual support. Therefore, the Court should dismiss the individual capacity claims against Roland, Roberts, Baez, Gann, and Knight.

To the extent that Madden alleges supervisory liability against Gann, that claim fails for the same reasons. *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (requiring "a predicate constitutional violation" for supervisory liability).

The official capacity claims against these defendants are "essentially [] claim[s] against" the City of Eden. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). As such, they are duplicative of the § 1983 claim against the City and should be dismissed accordingly.

A municipality is liable under § 1983 only if it "follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The Fourth Circuit has identified four ways to satisfy *Monell*:

(1) "Through an express policy, such as a written ordinance or regulation";

(2) "Through the decisions of a person with final policymaking authority";

(3) "Through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens"; or

(4) "Through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law."

*Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citation modified). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy[.]" *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985);

3

*accord Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp. 3d 590, 614 (E.D. Va. 2024), *aff'd*, No. 24-2270, 2025 WL 3046480 (4th Cir. Oct. 31, 2025).

Here, Madden merely alleges that the City of Eden is liable because it is "the agency responsible for the conduct of the other five Defendants whom they employ(ed)." Compl. § III.6. This is insufficient to state a claim against the city.

First, Madden has not sufficiently alleged that any of the individual defendants violated his constitutional rights. Even had he done so, he has not alleged that those violations resulted from an express policy of the City of Eden, decisions of a person with final policymaking authority with the City, the City's failure to train the officers properly resulting in deliberate indifference to citizen's rights, or a practice that is so persistent and widespread to be a custom with the force of law. Accordingly, the Court should dismiss Madden's claims against the City of Eden, as well.

## II. CONCLUSION

It is therefore **ORDERED** that Connell's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____
JoAnna Gibson McFadden
United States Magistrate Judge


March 11, 2026
Durham, North Carolina